UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WILLIAM E. BARONI, JR.,

      Plaintiff,

  -v-                                                                No.   21-CV-5961-LTS-JW

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

      Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

        Plaintiff, William E. Baroni, Jr. ("Plaintiff" or "Mr. Baroni") brings this action against the Port Authority of New York and New Jersey ("Defendant" or "Port Authority"), seeking indemnification for attorney's fees and costs he incurred in the course of his defense against criminal charges relating to conduct he undertook while employed by the Port Authority.  (See docket entry no. 1-1 ("Compl.").)  Before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket entry no. 18 (the "Motion").)[1]  Defendant removed the case to this Court, invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. section 1331.

        The Court has reviewed carefully all of the parties' submissions in connection with the instant motion.  For the following reasons, Defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction is granted.

---

[1]     Defendant also filed a letter request for oral argument (docket entry no. 20), which is hereby denied.  The Court has resolved the motion to dismiss based on the parties' submissions.

BACKGROUND

The following facts, drawn from the Complaint and its attachments, are taken as true for the purposes of the instant motion practice.  Defendant is a bi-state agency, maintained by the states of New York and New Jersey, which operates several transportation facilities in both states, including bridges, tunnels, and roadways.  (Compl. ¶ 8.)  Plaintiff was appointed to be the Deputy Executive Director of the Port Authority by then-New Jersey Governor Christopher J. Christie in or about February 2010 and served in such role from March 1, 2010, until December 13, 2013.  (Id. ¶¶ 7, 13.)  As Deputy Director, Mr. Baroni was responsible for the "general supervision of all aspects of the Port Authority's business" including the operation of the Port Authority's transportation facilities.  (Id. ¶ 14.)  The transportation facility relevant to this dispute is the George Washington Bridge, which connects Manhattan, New York, with Fort Lee, New Jersey.  (Id.)

Normal procedure dictated that, each weekday morning, three of the twelve approach lanes from New Jersey to the upper deck of the George Washington Bridge were set aside, through the use of traffic cones, to provide "exclusive, special access to drivers" approaching the bridge from Fort Lee, New Jersey.  (Compl. ¶ 15.)  The other nine lanes were shared by cars approaching "from various feeder highways" leading to the George Washington Bridge.  (Id.)  In September 2013, Mr. Baroni approved a subordinate's direction that the traffic cones, historically used to set aside three lanes for Fort Lee drivers, be moved two lanes further to the right.  (Id. ¶ 16.)  This meant that Fort Lee drivers were only provided with one special access lane, instead of three, creating a "bottleneck" and "caus[ing] traffic to back up into the town, creating severe traffic."  (Id.)  The decision to eliminate two of Fort Lee's special access

lanes was reversed "[l]ess than a week after the realignment was put into place" and the "prior traffic pattern was reestablished." (Id.)

Soon afterwards, the media reported that Mr. Baroni and others had decided to reallocate the special access lanes in order to punish Fort Lee's Democratic mayor, who refused to endorse Governor Christie in his bid for reelection. (Compl. ¶ 17.) The United States Attorney's Office for the District of New Jersey investigated, brought criminal charges, and Mr. Baroni was indicted, on or about April 23, 2015, with nine counts of fraud, conspiracy to commit fraud, deprivation of civil rights, and conspiracy to commit deprivation of civil rights. (Id. ¶ 19.) At trial, Mr. Baroni was convicted on all counts. (Id.) Subsequently, Plaintiff appealed his criminal convictions, and the Third Circuit Court of Appeals reversed Mr. Baroni's convictions on the civil rights charges but affirmed his convictions on the fraud charges. (Id. ¶ 21.) Mr. Baroni continued to challenge his convictions for fraud before the United States Supreme Court, which reversed the Third Circuit's judgment affirming those convictions. (Id. ¶ 24; id., Ex. A.) In its decision, which Plaintiff attached to the Complaint, the Supreme Court explained that, while Mr. Baroni "used deception to reduce Fort Lee's access lanes to the George Washington Bridge—and thereby jeopardized the safety of the town's residents" for "no reason other than political payback," he "could not have violated the federal-program fraud or wire fraud laws" because his scheme "did not aim to obtain money or property." (Id., Ex. A ("Kelly decision") at 13.) The Supreme Court reasoned that Mr. Baroni's conduct amounted to a "regulatory decision about the toll plaza's use—in effect, about which drivers had a 'license' to use which lanes" and, because the "exercise of regulatory power cannot count as the taking of property," his convictions for fraud could not stand. (Id., Ex. A at 10.) On remand, the

judgment of conviction against Mr. Baroni was vacated and the indictment against him was dismissed. (Id. ¶ 27; id., Ex. B.)

Plaintiff seeks indemnification from the Port Authority for the defense costs "incurred by him and on his behalf in successfully defending against the criminal charges." (Compl. ¶ 28.) Plaintiff relies on Article XI of the Port Authority's by-laws attached to the Complaint in asserting that he has a right to such indemnification. (Id., Ex. C (the "By-Laws").) Article XI of the By-Laws includes provisions regarding "Defense and Indemnification of Individuals[.]" Paragraph 7 thereof states:

> The Port Authority may, consistent with applicable law, provide for a defense when punitive damages are sought or criminal charges are asserted in connection with any alleged act or omission which occurred or is alleged in the complaint to have occurred while the individual was acting **within the scope of Port Authority employment or duties**, based upon an investigation and review of the facts and circumstances and a determination by General Counsel that provision of such defense would be in the best interest of the Port Authority; **provided, however, that the Port Authority shall provide reimbursement of defense costs incurred by or on behalf of an indemnified party in defense of a criminal proceeding arising out of such an act or omission, upon acquittal or dismissal of the criminal charges** . . . .

(By-Laws, Art. XI, ¶ 7) (emphasis added). Pursuant to paragraph one of Article XI, an "indemnified party," is "an individual who is a Commissioner, officer, or employee of the Port Authority." (Compl. ¶ 31 (quoting By-Laws, Art. XI ¶ 1).)

Plaintiff asserts that he is entitled to indemnification because he served as the former Deputy Executive Director of the Port Authority and successfully defended himself against prosecution "for actions taken in the scope of his Port Authority employment." (Compl. ¶ 32.) After Plaintiff requested reimbursement of the costs incurred in his defense from the Port Authority in September 2020, the Port Authority denied the claim. (Id. ¶¶ 35-36.) In response, Mr. Baroni served a notice of claim on the Port Authority on March 5, 2021, as required by the

relevant provisions of the N.Y. Unconsolidated Laws (id. ¶ 38), and filed suit in June 2021, asserting claims for indemnification, breach of contract, promissory estoppel, and "deprivation of property without due process of law." (See generally Compl.) The allegations underlying the four counts are all nearly identical, stemming from the Port Authority's failure to indemnify Mr. Baroni pursuant to Article XI of the By-Laws.

Defendant asserts two main arguments in support of its motion to dismiss the Complaint. First, Defendant argues that the Complaint must be dismissed on sovereign immunity grounds because Plaintiff failed to plead that he provided the requisite notice to the Port Authority of his demand for indemnification and has not provided such notice in a timely fashion, such that no claim has yet accrued for which Defendant has waived its sovereign immunity. (Docket entry no. 19 ("Def. Mem.") at 3-6.) Defendant relies on paragraph 8 of Article XI of the By-Laws as establishing the timing of the required notice. Paragraph 8 states in pertinent part:

> The benefits of this Article XI shall be conditioned upon (i) delivery to General Counsel of the original or a copy of any summons, complaint, process, notice, demand or pleading within five days after receipt or service of such document, such delivery being deemed a request by the party seeking indemnification that the Port Authority provide for defense pursuant to this Article XI; (ii) the full cooperation of the indemnified party in the defense . . . ; and (iii) the agreement of the indemnified party that the Port Authority shall be entitled to withdraw such defense and demand reimbursement from such party for costs . . . .

(By-Laws, Art. XI ¶ 8.) Defendant interprets paragraph 8 to mean that Mr. Baroni was required to provide Defendant with a copy of the document "on which his demand for indemnification is premised"—the judgment of acquittal—within five days after the District Court for the District of New Jersey dismissed the criminal charges against him. (Docket entry no. 23 ("Def. Reply") at 2; Def. Mem. at 3-4.) Defendant argues that, because Plaintiff does not allege in the

Complaint that he provided the judgment of acquittal to the Port Authority within that time frame, Plaintiff's claims must be dismissed for "[f]ailure to comply with provisions requiring notice and presentment of claims prior to the commencement of litigation."  (Def. Mem. at 4 (quoting Davidson v. Bronx Mun. Hosp., 473 N.E.2d 761, 763 (N.Y. 1984)).  Defendant also argues that, because Mr. Baroni failed to satisfy the condition precedent to bringing his claim, by failing to deliver the judgment of acquittal timely, his cause of action never accrued.  (Def. Mem. at 8-9.)  Because the Port Authority has, by statute, waived its sovereign immunity only for claims filed "after" they have accrued, see N.Y. Unconsol. Laws section 7107 ("Section 7107") and N.J. Stat. Ann. section 32:1-163, Defendant's position is that, as a result of Plaintiff's failure to provide adequate notice, the Port Authority's sovereign immunity remains intact and the Court lacks subject matter jurisdiction of the dispute.  (Def. Mem. at 8-9.)

Second, Defendant argues that, even if the Court has subject matter jurisdiction, the Complaint should be dismissed for failure to state a claim because Plaintiff fails to—and cannot plausibly—plead that his conduct underlying the criminal case fell within the scope of his employment as Deputy Director of the Port Authority.  (Def. Mem. at 10-18.)  Defendant argues that Plaintiff offers "only conclusory assertions" that he was acting within the scope of employment when approving the decision to reduce the number of special access lanes set aside for Fort Lee drivers.  (Id. at 16.)  Moreover, Defendant argues, the Supreme Court's Kelly decision shows decisively that Mr. Baroni did not act within the scope of his employment in making such decision.

<u>DISCUSSION</u>

<u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000). "A facial Rule 12(b)(1) motion is one based solely on the allegations of the complaint or the complaint and exhibits attached to it." <u>Nicholas v. Trump</u>, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020) (citation omitted). To resolve such a motion, the Court "must 'determine whether [the complaint and its exhibits] allege[ ] facts that' establish subject matter jurisdiction." <u>Id.</u> (quoting <u>Carter v. HealthPort Tech., LLC</u>, 822 F.3d 47, 56 (2d Cir. 2016)). Plaintiff has the burden in any event of proving by a preponderance of the evidence that jurisdiction exists, <u>see</u> <u>Makarova</u>, 201 F.3d at 113, and although the Court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, . . . jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." <u>Morrison v. Nat'l Australia Bank Ltd.</u>, 547 F.3d 167 (2d Cir. 2008) (internal quotation marks and citations omitted); <u>see also</u> <u>Newsom-Lang v. Warren Int'l</u>, 129 F. Supp. 2d 662, 663-64 (S.D.N.Y. 2001); <u>see also</u> <u>Saleh v. Ridge</u>, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005).

The Port Authority is "a bi-state agency created through a compact between New Jersey and New York with the approval of Congress." <u>Kyne v. Carl Beiber Bus Servs.</u>, 147 F. Supp. 2d 215, 218 (S.D.N.Y. 2001). Although the Port Authority originally "enjoyed complete sovereign immunity from suits of any sort," <u>Korean Air Lines Co. v. Port Auth. of N.Y. & N.J.</u>, No. 10-CV-2484-SLT-JO, 2013 WL 394704 (E.D.N.Y. Jan. 31, 2013) (citation omitted), in

1950, New York and New Jersey enacted legislation "allowing suit against the Port Authority so long as the plaintiff complied with [certain] jurisdictional prerequisites." Kyne, 147 F. Supp. at 218; see also N.J.S.A. § 32:1-163; N.Y. Unconsol. Law § 7107.  New York and New Jersey's identical statutes require "a sixty-day notice of claim and commencement of suit within one year from the date of the accrual of the case of action." Caceres v. Port Auth. of N.Y. & N.J., 631 F.3d 620, 625 (2d Cir. 2011) (citing statutes).  These requirements are jurisdictional, and failure to satisfy them "will result in withdrawal of defendant's consent to suit and compels the dismissal of the action for lack of subject matter jurisdiction." Id. (quoting Lyons v. Port Auth. of N.Y. & N.J., 643 N.Y.S.2d 571, 571-52 (1st Dep't 1996)).

Plaintiff alleges—and Defendant does not dispute—that he served a notice of claim on the Port Authority on March 5, 2021, in accordance with the requirements of Section 7107.  (Compl. ¶ 38).  Instead, Defendant submits that sovereign immunity has not been waived and the Court thus lacks subject matter jurisdiction because the notice of claim was and remains premature, having been filed before Plaintiff's cause of action ever accrued.  Defendant posits that delivery of the judgment of acquittal to the Port Authority within five days of its issuance, as specified in Article XI, paragraph 8 of the By-Laws, was a mandatory condition precedent to accrual of the cause of action for indemnification of costs incurred in defending the now-dismissed criminal case, and avers that Plaintiff has not satisfied and cannot now satisfy that condition.  Because Section 7107 provides for waiver of immunity only if a suit is commenced "within one year after the cause of action therefor *shall have accrued*," Defendant argues, the

Port Authority's sovereign immunity remains intact and the Court lacks jurisdiction of the dispute. Section 7107 (emphasis added).

Plaintiff asserts several arguments in opposition, which the Court will examine in turn. First, Plaintiff argues that Article XI, paragraph 8 of the By-Laws places conditions "only on an officer's ex ante request for the Port Authority to provide him with a defense, not—as here—his post-acquittal demand for reimbursement of already-expended defense costs." (Pl. Opp. at 7.) Plaintiff's interpretation, however, ignores the unambiguous text of paragraph 8, which lists the conditions applicable to the "benefits of . . . Article XI . . . ." (By-Laws ¶ 8.) Because the "benefits" of Article XI include not only the provision of a defense in certain instances, but also "the reimbursement of defense costs incurred by or on behalf of an indemnified party" (By-Laws Art. XI ¶¶ 7-8) which Plaintiff seeks in the instant action, the Court concludes that the conditions set forth in Article XI, paragraph 8 apply to Plaintiff's attempt to seek indemnification of the costs incurred in his defense.

Second, Plaintiff argues that, even if the conditions set forth in Article XI, paragraph 8 apply to his request for indemnification—as the Court concludes that they do—the notice provision requires only that the indemnified party deliver the document "that initiates [the underlying] investigation or case" and not the judgment of acquittal dismissing the criminal case against him. (Pl. Opp. at 8.) Plaintiff relies on the reference to the "summons, complaint, process, notice, demand or pleading" in paragraph 8, and contends that the types of documents included are those that are filed early in the litigation process, delivery of which to the Port Authority would allow it to take an early, active role in the litigation process. (Id. at 9.) Although the types of documents referenced in paragraph 8 often are issued in the early stages of a case, see Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the

court"); see id. cmt. n. 4 ("[T]he first step in an action is the filing of the complaint . . . to be followed forthwith by issuance of a summons"), while a court's judgment effectively ends a dispute, the judgment of acquittal serves as the critical notice on which Plaintiff's demand for indemnification is based.  That aside, however, the Court recognizes, that even if it were to adopt Plaintiff's interpretation of paragraph 8—limiting the notice requirement to the provision of the documents initiating a dispute—Plaintiff has failed to proffer any allegation or evidentiary showing that he supplied the Port Authority with the indictment enumerating the criminal charges against him within five days of its issuance at the outset of his criminal case. Therefore, even were the Court to accept Plaintiff's view that Article XI, paragraph 8 conditions the receipt of benefits on the timely delivery of case-initiating documents only, Plaintiff has still failed to adequately allege or demonstrate that he complied with the provision through timely delivery of the indictment to the Port Authority.

    Third, Plaintiff argues that, even if he failed to comply with the condition set forth in the By-Laws requiring timely provision of notice to the Port Authority in connection with his request for indemnification, such failure to comply is an affirmative defense which need not be pleaded to avoid dismissal.  (Pl. Opp. at 10-11.)  "Whether a plaintiff must plausibly allege its satisfaction of a condition precedent in order to state a claim may . . . hinge on whether that condition precedent is properly considered an affirmative defense or an element of the plaintiff's prima facie claim." Northwell Health, Inc. v. Illinois Union Ins. Co., No. 20-CV-6893-LTS-OTW, 2022 WL 912929, at *7 n.9 (S.D.N.Y. Mar. 29, 2022) (emphasis added). Courts in the Second Circuit have differed on whether a plaintiff asserting a breach of contract claim must allege satisfaction of conditions precedent to the defendant's obligations as part of the plaintiff's adequate performance of the contract.  Id. (collecting cases); Mendez v. Bank of

Am. Home Loans Serv., LP, 840 F. Supp. 2d 639, 648 (E.D.N.Y. 2012) (collecting cases in support of proposition that "courts in this Circuit have been inconsistent with regard to whether a claimant must plead performance or occurrence of conditions precedent").

The Court draws a critical distinction, however, between an evaluation of the sufficiency of allegations to state a claim under Rule 12(b)(6) and the Court's assessment of its jurisdiction pursuant to Rule 12(b)(1). See Morrison, 547 F.3d at 170 ("Determining the existence of subject matter jurisdiction is a threshold inquiry."). Here, Defendant's argument is focused on the latter inquiry, specifically whether Plaintiff's failure to plead compliance with the condition precedent to the Port Authority's contractual obligation to provide indemnification deprives the Court of jurisdiction of the dispute. The Port Authority's waiver of sovereign immunity only applies to claims that have accrued, see N.J.S.A. § 32:1-163; N.Y. Unconsol. Law § 7107, and "[a] cause of action for breach of contract accrues 'once the conditions precedent to filing suit have been satisfied.'" Hirth v. Am. Ins. Co., No. 15-CV-3245-GWG, 2016 WL 75420, at *4 (S.D.N.Y. Jan. 7, 2016) (quoting Fabozzi v. Lexington Ins. Co., 601 F.3d 88, 93 (2d Cir. 2010)); see also Deutsche Bank Nat'l Tr. Co. v. Flagstar Cap. Mkts., 32 N.Y.3d 139, 149 (2018) ("A substantive condition precedent impacts accrual of a breach of contract cause of action because no obligation to perform arises and no breach therefore occurs until the 'condition has been fulfilled.'") (citation omitted); John J. Kassner & Co. v. City of New York, 46 N.Y.2d 544, 550 (1979) ("In contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach. And, as a general rule, when the right to final payment to subject to a condition, the obligation to pay arises and the cause of action accrues, only when the condition has been fulfilled."). Plaintiff has not alleged, nor demonstrated, that he fulfilled the condition precedent to the Port Authority's contractual

obligation to reimburse his defense costs under either the Port Authority's interpretation of the By-Laws—requiring timely delivery of the judgment of acquittal—or his own—requiring timely delivery of the indictment, as the document initiating the dispute. Without such showing, Plaintiff cannot demonstrate that his cause of action has accrued or, consequently, that the Port Authority has waived its sovereign immunity in this case.

The Court therefore concludes that by failing to allege, or submit any evidentiary proffer, that Plaintiff has fulfilled the condition precedent to his right to receive indemnification from the Port Authority under Article XI of the By-Laws, Plaintiff has failed to establish that the Court has jurisdiction of the dispute by a preponderance of the evidence because there is no showing that Defendant has waived its sovereign immunity with respect to his claims.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. This Memorandum Order resolves docket entry nos. 18 and 20. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: September 22, 2022
New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge