UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM BARONI

               Plaintiff,

     v.

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY

               Defendant.

1:21-CV-5961-LTS

ORDER

The Court has received and reviewed the parties' joint status letter setting forth their respective positions and proposed next steps in this case. (Docket entry no. 45 ("Joint Ltr.").) Plaintiff William Baroni ("Plaintiff" or "Baroni") seeks to renew his motion to amend the complaint (docket entry no. 29 ("Motion to Amend")), and Defendant Port Authority of New York and New Jersey ("Defendant" or "Port Authority") seeks to renew motion practice under Rule 12 of the Federal Rules of Civil Procedure, including its Rule 12(b)(6) motion to dismiss (docket entry no. 18). Defendant does not oppose Plaintiff's motion to amend, and the parties agree that the Court "can and should decide" the Rule 12(b)(6) arguments that the parties' already briefed. (Joint Ltr. at 2.) Defendant further requests that the Court stay all further proceedings in this case pending the resolution of "all potentially case-dispositive Rule 12 motions," while Plaintiff requests that the case move forward pending resolution of those motions. (Id. at 2-3.)

Plaintiff is hereby granted leave to amend its complaint. Under the circumstances presented here, Plaintiff may amend its complaint if it meets the requirements of Rule 15(a)(2) of the Federal Rules of Civil Procedure, which permits a party to amend its pleading "with the

opposing party's written consent." Defendant has provided that written consent by stating that it "does not oppose leave to amend on the condition that Baroni stands on his previously filed proposed amended complaint as the operative pleading." (Joint Ltr. at 2.) Plaintiff is therefore directed to file a First Amended Complaint in the form attached to his previously filed Motion to Amend (docket entry no. 30-1) **within 14 days** of the issuance of this Order.

Because the Court initially dismissed this case under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court has not yet ruled upon the substantive arguments Defendant previously raised in support of Rule 12(b)(6) dismissal. If Defendant wishes the Court to consider those arguments or others, it must file renewed Rule 12 briefing within **21 days** following Plaintiff's filing of the First Amended Complaint. Plaintiff shall file its Opposition within **14 days** of Defendant's motion, and Defendant shall file its Reply within **7 days** of Plaintiff's Opposition.[1]

Finally, the Court declines to stay discovery or any other further proceedings pending resolution of the motion to dismiss. The Court has "considerable discretion to stay discovery" under Rule 26(c) upon a showing of good cause by the party seeking the stay. K.A. v. City of New York, No. 1:16-CV-04936-LTS-JW, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022) (internal quotation omitted). "In evaluating good cause, courts will consider: (1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." Id.

---

[1]     To the extent that "the parties agree that there is no cause for further briefing on [the] Rule 12(b)(6) motion," they are free to file their papers in substantially similar form to the "already-completed motion-to-dismiss briefing" (see Joint Ltr. at 2), provided that their briefing is directed toward Plaintiff's First Amended Complaint and that refiling of the prior briefs will be deemed a certification that there are no material developments in the relevant caselaw that the filing party believes should be brought to the Court's attention.

BARONI – ORDER                          MARCH 24, 2026                          2

Defendant has not established good cause to stay discovery based upon these factors. While the breadth of discovery sought here is unclear, Defendant would face a minimal burden or prejudice if discovery were to proceed since these parties have already engaged in years of litigation, including extensive discovery, in the related civil case Galicki et al. v. New Jersey et al., No. 14-CV-00169-JXN-JSA (D.N.J.). See Kaplan v. Lebanese Canadian Bank, SAL, 610 F. Supp. 3d 533 (S.D.N.Y. 2022) (explaining that, when discovery will proceed in a related case, "there is no prejudice to Defendant[] in proceeding with discovery"). Plaintiff, on the other hand, faces prejudice from the risk of the "disappearance of evidence" given that the "relevant events underlying this lawsuit occurred almost 13 years ago." (Joint Ltr. at 2.) These factors provide sufficient grounds to deny a stay of discovery.[2]

This case will be referred to Magistrate Judge Jennifer Willis for general pretrial management. Within **14 days** of the issuance of this Order, the parties shall contact Judge Willis's Chambers to schedule a Rule 26(f) conference at which a scheduling order can be set.


SO ORDERED.

Dated: New York, New York

March 24, 2026


/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2]     See Morgan Art Found. Ltd. v. McKenzie, No. 18-CV-4438-ATB-CM, 2020 WL 6135113, at *3 (S.D.N.Y. Oct. 18, 2020) ("Even if a motion to dismiss 'appears to have substantial grounds,' a stay of discovery pending the outcome of that motion is appropriately denied where, as here, the other factors 'disfavor a stay.'" (citation omitted)).