**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WILLIAM E. BARONI, JR.,

*Plaintiff*,

v.

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

*Defendant*.

Case No. 1:21-CV-5961 (LTS) (JW)

**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms, and the Court having found that good cause exists for the issuance of an appropriately tailored protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and items produced or otherwise disclosed by the Parties and Non-Parties in connection with the pre-trial phase of this action, with any use of Protected Material at trial to be governed by a separate agreement or order:

1. Definitions.

a. Challenging Party: a Party or Non-Party that challenges the designation of Discovery Material as Protected Material under this Stipulation and Protective Order.

b. Counsel (without qualifier): Outside Counsel of Record and Defendant House Counsel (as well as their support staff).

c. Defendant House Counsel: attorneys who are employees of Defendant. Defendant House Counsel does not include Outside Counsel of Record or any other outside counsel.

d. Designating Party: a Party or Non-Party that designates Discovery Material as Protected Material.

e. Discovery Material: all information or items, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or otherwise disclosed in discovery or other pre-trial phases in this action.

f. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

g. Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

h. Party: any named party to this action, and, for Defendant, its Commissioners, executives, and employees (in their capacities as such), and for each named party to this action, their consultants, retained experts, and Outside Counsel of Record (and their support staffs).

i. Producing Party: a Party or Non-Party that produces Discovery Material in this action.

j. Professional Vendors: persons or entities that provide litigation support services (e.g., printing, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), including professional jury or trial consultants, and their employees and subcontractors.

k. Protected Material: Discovery Material that a Designating Party designates as qualifying for protection under Federal Rule of Civil Procedure 26(c).

l. Receiving Party: a Party that receives Discovery Material from a Producing Party.

2. Manner and Timing of Designations.

a. Counsel for any Party or Non-Party may designate any Discovery Material, in whole or in part, as Protected Material if Counsel determines, in good faith, that such designation is necessary to protect its client's or a third party's interest in information that qualifies for protection under Federal Rule of Civil Procedure 26(c) (e.g., information involving trade secrets, confidential business or financial information, and any Personally Identifiable Information (PII) or Protected Health Information (PHI) as defined by federal, state, or foreign privacy laws).

Designation in conformity with this Stipulation and Protective Order requires:

i. for information produced by the Designating Party in documentary form (e.g., paper or electronic documents, including transcripts from other actions or proceedings, but excluding transcripts of testimony given in deposition in this action or in other pretrial proceedings in this action, which are governed by Paragraph 2.a.iii), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material. After the inspecting Party has identified the documents it wants copied and produced, Counsel for the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulation and Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

ii. for information that the Designating Party produces in non-documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

iii. for testimony given in deposition in this action or in other pretrial proceedings in this action, that the Designating Party identify each portion of the testimony that it designates as Protected Material within 21 days after the Designating Party's receipt of the final transcript of the testimony from the court reporter (subject to such extensions to which the Parties may agree). Prior to the expiration of such period, the entirety of the testimony and the transcript shall be treated as Protected Material, and thereafter shall be treated, subject to the other provisions of this Stipulation and Protective Order, in accordance with the Designating Party's designations.

Each Party shall give the other Party notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Party can ensure that only individuals authorized under Paragraph 6 are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that contain testimony that has been designated as Protected Material. Counsel for the Designating Party shall inform the court reporter of these requirements.

Pages of transcribed deposition testimony or exhibits to depositions that are designated as containing Protected Material may not be disclosed to anyone except as permitted under this Stipulation and Protective Order.

iv. for information disclosed or produced by another Producing Party, that the Counsel for the Designating Party request such designation in writing to the Producing Party, and provide a copy of such request to each Party. Upon receiving such a request, the Parties shall immediately treat the material in accordance with such request. Further, the Producing Party must, within 15 days of its receipt of the request, either follow the appropriate procedures set forth above for designating information as Protected Material or initiate a challenge under the dispute procedures in Paragraph 5. For the avoidance of doubt, a Producing Party that wishes to challenge a request to designate information or items it disclosed or produced as Protected Material shall be the Challenging Party for purposes of Paragraph 5 procedures.

3. Scope. The protections conferred by this Stipulation and Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulation and Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4. Duration. Even after final disposition of this action, as defined in Paragraph 12, the confidentiality obligations imposed by this Stipulation and Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

5. Challenging Designations.

a. Timing of Challenges. Unless a prompt challenge to a Designating Party's designation of Discovery Material as Protected Material is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, any Party or Non-Party may challenge a designation at any time, and such Party or Non-Party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is made.

b. Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and

describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge is being made in accordance with this Paragraph 5. The Designating Party and the Challenging Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

c. Judicial Intervention. If the Designating Party and the Challenging Party cannot resolve a challenge to a designation without Court intervention, the Challenging Party shall file and serve a motion to challenge the designation consistent with the Court's rules for such motions within 21 days of the initial notice of challenge or within 14 days of such parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding subparagraph. Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the challenge for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on others), or omnibus challenges that do not reasonably identify the specific materials to which the challenge relates, may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6. Access to and Use of Protected Material.

a. Basic Principles. Protected Material disclosed to a Receiving Party will be held and used by the Receiving Party solely in connection with this action and may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Protective Order. The repurposing or re-use of any Protected Material for any other purpose, including any other legal matter, proceeding, investigation, training, software development, or development/training of any AI tools or platforms is strictly prohibited and shall constitute a violation of this Stipulation and Protective Order. After final disposition of the litigation, a Receiving Party must comply with the provisions of Paragraph 12 (FINAL DISPOSITION).

Nothing in this Stipulation and Protective Order constitutes an admission by any Party that Protected Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of Protected Material.

b. Disclosure of Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Protected Material only to:

i. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

ii. if the Receiving Party is Defendant, the Commissioners, executives, and employees (including Defendant House Counsel) of Defendant to whom disclosure is reasonably necessary for this litigation;

iii. retained experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iv. the Court and its personnel;

v. court reporters and their staff;

vi. Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

vii. during their depositions, or deposition preparation with the Receiving Party's or witnesses outside counsel, witnesses in the action to whom disclosure is reasonably necessary, but no such witness shall be permitted to retain copies of such Protected Material without first signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (unless otherwise agreed by the Designating Party or ordered by the Court);

viii. the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed the document; and,

ix. the Parties' insurers and re-insurers and their counsel, provided that, before being shown or given any Protected Material, each such person shall execute a copy the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

Prior to disclosing Protected Material to any person, a Receiving Party must:

i. Inform the person of the confidential nature of the information or items;

ii. Inform the person that this Court has enjoined the use of the information or items by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or items to any other person; and

iii. If so indicated above, require each such person to sign an agreement to be bound by this Stipulation and Protective Order in the form attached hereto.

The Parties must meet and confer if any disclosure or production requires a designation of "For Attorneys' or Experts' Eyes Only."

7. Inadvertent Failures to Designate. The disclosure or production of Discovery Material without designating it as Protected Material shall not constitute a waiver of the right to designate such Discovery Material as Protected Material. If so designated, the Discovery Material shall thenceforth be treated as Protected Material subject to all the terms of this Stipulation and Order.

8. Unauthorized Disclosure of Protected Material. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. Information Security, Secure Storage, and Privacy.

a. A Receiving Party shall in good faith safeguard Protected Material, including by using reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures.

b. Any Personally Identifiable Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) contained in Discovery Material shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information.

c. If a Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Material or devices containing Protected Material, the Receiving Party shall comply with all requirements of Paragraph 8. Additionally, if the Receiving Party becomes aware of any cyberattack or other deliberate security breach resulting in actual or potential unauthorized access to Protected Material designated by a Designating Party (including as a result of

or following an inadvertent disclosure addressed by Paragraph 8) ("Data Breach"), the Receiving Party shall also promptly, and in no case later than 48 hours after learning of the Data Breach, notify the Designating Party in writing and fully cooperate with the Designating Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, (b) to recover or to protect Protected Materials, (c) to satisfy Producing Party's legal, contractual, or other obligations, and/or (d) share, within 10 business days, the relevant policies and procedures that relate to the safeguarding of Protected Material and that preceded the Data breach, in writing or otherwise. For the avoidance of doubt, notification obligations under this Paragraph 9 arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Designating Party's Protected Material is potentially subject to the Data Breach. The notification obligations set forth in this Paragraph do not run from the time the Data Breach itself. Nothing in this Paragraph 9 is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

d. The Receiving Party shall promptly comply with the Designating Party's reasonable request(s) that the Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. The Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, the Protected Material that was potentially impacted, the manner in which the Data Breach occurred, start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach. For the avoidance of doubt, nothing in this Paragraph 9 is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

e. If the Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Protected Material will be handled in the future only by entities not impacted by the Data Breach (though this shall not preclude a Party or its Outside Counsel of Record from continuing to handle such materials). Further, the Receiving Party shall submit to reasonable discovery concerning the Data Breach.

f. The Receiving Party shall also comply with any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law"). If the Receiving Party is uncertain whether a particular practice would conform with the requirements of this Paragraph 9, it may meet and confer with the other Party; if any Party believes that the

proposed practice would violate this Stipulation and Protective Order, it may, within 10 business days, bring the dispute to the Court. The Party challenging the proposed practice shall bear the burden of demonstrating a violation.

10. Production of privileged, work product or otherwise protected material. Pursuant to Federal Rule of Evidence 502, this Stipulation and Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and the requirements of Federal Rule of Evidence 502(b)(2) & (3) shall not apply. When a Producing Party gives notice to a Receiving Party that certain previously disclosed material is subject to a claim of privilege, work product, or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The Parties further agree to the entry of the following non-waiver order under Federal Rule of Evidence 502(d):

> IT IS FURTHER ORDERED pursuant to Fed. R. Evid. 502(d), that the disclosure, whether inadvertent or otherwise, of any information in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the disclosing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

For the avoidance doubt, this Paragraph 10 supersedes and replaces any agreement, language, or prior order in this case related to Federal Rule of Evidence 502 and the disclosure of privileged/protected material, including any language related to Federal Rule of Evidence 502 in the ESI Plan for this matter.

11. Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party or Non-Party may not file in the public record in this action any Protected Material. A Party or Non-Party that seeks to file under seal any Protected Material shall follow the Court's procedures with respect to filing under seal. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

12. Final Disposition. Within 60 days after the final disposition of this action, each Receiving Party must return all Discovery Material to the Producing Party or destroy such material. "Final disposition of this action" shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment and the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. As used in this subdivision, "all Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

Discovery Material. Whether the Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Discovery Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Discovery Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Discovery Material (including Protected Material). Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation and Protective Order as set forth in Paragraph 4 (DURATION).

13. Protected Material Subpoenaed or Ordered Produced In Other Litigation. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Material that Party must:

a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b. promptly notify in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and Protective Order. Such notification shall include a copy of this Stipulation and Protective Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

14. Non-Party Protected Material Sought to be Produced in this Litigation. The terms of this Stipulation and Protective Order are applicable to information produced by a Non-Party in this action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulation and Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material that is in its possession, custody, or control, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

a. promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b. promptly provide the Non-Party with a copy of the Stipulation and Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c. make the information requested available for inspection by the Non-Party.

If the Non-Party fails to indicate an objection in writing or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's Protected Material responsive to the request. If the Non-Party timely indicates an objection in writing or seeks a protective order, the Party receiving the request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material. Nothing herein shall be interpreted to grant a Party the right, or create the obligation, to produce a Non-Party's information that is not within the Party's possession, custody, and control.

15. <u>Use of Artificial Intelligence</u>.

a. <u>No Training</u>. The Parties agree that a Receiving Party shall not use any Discovery Material, including but not limited to those designated as Protected Material, in whole or in part, for prompts (inputs), completions (outputs), or embeddings that are used to train, improve, re-train, or otherwise develop any artificial intelligence, foundation model, or large language model (collectively "AI Models"). This prohibition applies regardless of whether the AI Models are proprietary, open-source, or provided by a third party, and regardless of whether the use is for commercial, research, or any other purpose. The Parties further agree to take reasonable steps to ensure that their employees, counsel, agents, consultants, contractors, and any other persons or entities who may have access to such materials comply with this prohibition. Any violation of this provision may be addressed by the Court through appropriate remedies, including, but not limited to, sanctions.

b. <u>No Use of Protected Material in Public / Open Source AI Models</u>. A Receiving Party shall not use any documents, electronically stored information, or other materials designated as Protected Material or in whole or in part, for prompts

(inputs), completions (outputs), or embeddings in any open source or otherwise free/unpaid artificial intelligence chat bot, foundation model or system such as ChatGPT. The Parties shall take reasonable steps to ensure that their employees, attorneys, agents, consultants, contractors, and any other persons or entities who may have access to such materials comply with this prohibition. Any violation of this provision may be addressed by the Court through appropriate remedies, including, but not limited to, sanctions.

SO STIPULATED AND AGREED.

SIDLEY AUSTIN LLP

/s/ *Michael A. Levy*

Michael A. Levy

*Counsel for Plaintiff*
*William E. Baroni, Jr.*

Dated: November 9, 2026

ORRICK, HERRINGTON
& SUTCLIFFE LLP

/s/ *Richard A. Jacobsen*

Richard A. Jacobsen

*Counsel for Defendant*
*The Port Authority of*
*New York and New Jersey*

Dated: November 9, 2026

SO ORDERED.

Jennifer E. Willis

JENNIFER E. WILLIS, U.S.M.J.

Dated: November 12, 2026

New York, New York

**Exhibit A**
**Acknowledgment and Agreement to Be Bound**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:

____________________________________

Signed in the presence of:

____________________________________

(Attorney)